UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Valiant, | Case No. 21-cv-00072 (WMW/HB) |
| Plaintiff, | |
| v. | |
| Todd Leonard, MD, acting in his official capacity as the Medical Director and sole owner of MEnD Correctional Care, PLLC; Amanda Ross, PA-C, acting in her individual capacity as medical staff in the Wright County Jail; Amber Christian, RN, in her individual capacity as medical staff in the Wright County Jail; MEnD Correctional Care, PLLC; and Wright County, | |
| Defendants. | |

## DEFENDANT WRIGHT COUNTY'S ANSWER TO COMPLAINT

COMES NOW Defendant Wright County, for its Answer to Plaintiff's Complaint, states and alleges as follows:

1. Unless hereafter admitted, qualified or otherwise answered, this answering party denies each and every thing, matter and particular alleged in Plaintiff's Complaint.

2. This answering party specifically denies Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §§ 1983 or 1988 and, further, denies he sustained any deprivation of Federal Constitutional rights under the Eighth or

Fourteenth Amendments, or any other state or federal statutory or constitutional injuries as alleged in Plaintiff's Complaint.

3. This answering party affirmatively alleges Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

4. This answering party affirmatively alleges Plaintiff's claims are barred by the legal doctrines of qualified, statutory and official immunity.

5. With respect to paragraphs 1 to 2, this answering party specifically denies these allegations and puts Plaintiff to his strict burden of proof.

6. With respect to paragraphs 3 to 6, this answering party is without sufficient information to admit or deny and, therefore, denies and puts Plaintiff to his strict burden of proof.

7. With respect to paragraph 7, this answering party admits these allegations.

8. With respect to paragraphs 8 to 12, this answering party submits these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, this answering party is without sufficient information to admit or deny and, therefore, denies and puts Plaintiff to his strict burden of proof.

9. With respect to paragraphs 13 to 14, these answering parties admit these allegations.

10. With respect to paragraphs 15 to 21, this answering party is without sufficient information to admit or deny and, therefore, denies and puts Plaintiff to his strict burden of proof.

11. With respect to paragraphs 22 to 62, this answering party submits these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, this answering party is without sufficient information to admit or deny and, therefore, denies and puts Plaintiff to his strict burden of proof.

12. With respect to paragraph 63, these answering parties admit these allegations.

13. With respect to paragraphs 68 and 69 (presumably numbered in error and located at the top of page 10), these answering parties admit these allegations regarding the observations of COs Lamberts and Guinn.

14. With respect to paragraphs 64 to 87 (which include a second appearance of paragraphs 68 and 69 which are located at the bottom of page 10), this answering party submits these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer

is required. To the extent an answer is required, this answering party is without sufficient information to admit or deny and, therefore, denies and puts Plaintiff to his strict burden of proof.

15.     With respect to paragraphs 88 to 105, this answering party is without sufficient information to admit or deny and, therefore, denies and puts Plaintiff to his strict burden of proof.

16.     This answering party submits the allegations in Counts One and Two of the Complaint (paragraphs 106 to 121) are not directed to it and are unrelated to it. To the extent an answer is required, this answering party is without sufficient information to admit or deny and, therefore, denies and puts Plaintiff to his strict burden of proof.

17.     This answering party denies the allegations in Count Three of the Complaint (paragraphs 122 to 127) and specifically denies any liability for any alleged unconstitutional conduct of the MEnD Defendants including Todd Leonard, Amanda Ross, or Amber Christian.

18.     This answering party is without sufficient knowledge to form a belief as to the truth of Plaintiff's alleged damages and Prayer for Relief and, therefore, denies the same and demands strict proof thereof.

19.     This answering party denies punitive damages are actionable or available for this incident.

20. This answering party joins in Plaintiff's request for a jury trial.

**WHEREFORE,** this answering party prays Plaintiff takes nothing by this claim for relief herein; that this answering party be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that this answering party be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

Dated: March 1, 2021

s/Jason M. Hiveley
Jason M. Hiveley, #311546
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN  55438
(952) 548-7200
jasonh@iversonlaw.com

*Attorneys for Wright County*